# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# WICHITA FALLS DIVISION

| | |
|---|---|
| ALEXANDER JORDAN, § <br> TDCJ No. 01542402, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> LORIE DAVIS, Director, § <br> Texas Department of Criminal Justice, § <br> Correctional Institutions Division, § <br> § <br> Respondent. § | Civil Action No. 7:17-cv-00099-O-BP |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff Alexander Jordan's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition"), filed on July 17, 2017. ECF No. 1. Because the United States Court of Appeals for the Fifth Circuit has denied Jordan's application to file a successive petition, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** the Petition without prejudice.

Alexander Jordan is an inmate incarcerated at the Mark W. Michael Unit of the Texas Department of Criminal Justice in Anderson County, Texas. ECF No. 1. He brings this action pursuant to 28 U.S.C. § 2254 and challenges his 2008 conviction for aggravated assault with a deadly weapon. *Id.* Jordan claims misused or destroyed evidence gives rise to due process problems in his case. *Id.* Jordan has challenged his conviction in a previous action, which Judge O'Connor dismissed on September 3, 2014. *Id.* at 8; *Jordan v. Director TDCJ-CID*, 7:12-cv-00179-O-KA (N.D. Tex. Sept. 3, 2014). On July 20, 2017—within days of filing the instant case—he sought authorization from the Fifth Circuit to bring a successive habeas petition, citing the same

evidentiary concerns as in the Petition. *See* Petitioner Affidavit of Facts in Support of Petitioner Request to File a Second or Successive Petition at 3–6, *In re: Alexander Jordan*, No. 17-10795 (5th Cir. 2017). The Fifth Circuit denied his motion for authorization to file a successive § 2254. *In re: Alexander Jordan*, No. 17-10795, at *2.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. In general, a later petition is successive when it raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009); *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003). In general, to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2).

Before a petitioner may file his application in the district court, however, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A)–(B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the United States Court of Appeals has first granted the petitioner permission to file such a petition. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (*per curiam*) (concerning a § 2255 motion); *Crone*, 324 F.3d at 836 (concerning a § 2254 habeas petition).

Because Jordan sought and was denied leave to proceed with a successive petition, this Court is without jurisdiction to entertain the instant petition. *See Crone*, 324 F.3d at 836. As a result, the undersigned **RECOMMENDS** that the Petition be **DISMISSED** as successive, but without prejudice to Jordan's right to seek leave to file a successive petition from the United States Court of Appeals for the Fifth Circuit.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed November 29, 2017.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE